# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1129

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the District |
| Benjamin Good Bird, | * | of North Dakota. |
| | * | |
| Appellant. | * | |

_____

Submitted:  October 19, 1999

Filed:   December 8, 1999

_____

Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit
  Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

A jury convicted Benjamin Good Bird of second-degree murder, see 18 U.S.C. § 1111, assault with a dangerous weapon, see 18 U.S.C. § 113(a) (3), and assault resulting in serious bodily injury, see 18 U.S.C. § 113(a)(6).   On appeal, Mr. Good Bird maintains that he received multiple punishments in violation of the Constitution's double jeopardy clause, that his convictions were not supported by

sufficient evidence, and that the government engaged in prosecutorial misconduct. We affirm the judgment of the trial court.[1]

## I.

Mr. Good Bird first contends that the double jeopardy clause prohibits punishing him for both assault and murder. The double jeopardy clause is violated in a single proceeding only where multiple punishments are imposed for the same crime contrary to the legislature's intent. See Jones v. Thomas, 491 U.S. 376, 380-81 (1989). To determine whether the crimes are the "same" for double jeopardy purposes, we generally apply the Blockburger, or same-elements, rule: If each offense requires proof of an element not required by the other, the crimes are not considered the same, and a double jeopardy challenge necessarily fails. See United States v. Bennett, 44 F.3d 1364, 1373 (8th Cir. 1995), cert. denied, 515 U.S. 1123, 1145, 516 U.S. 828 (1995); see also Blockburger v. United States, 284 U.S. 299, 304 (1932).

Here, each crime has a unique element. Second-degree murder requires proof of the unlawful taking of a human life. See United States v. Lame, 716 F.2d 515, 518 (8th Cir. 1983). Use of a dangerous weapon is necessary only for the assault conviction under 18 U.S.C. § 113(a)(3). Finally, although "serious bodily injury" is an element of assault under 18 U.S.C. § 113(a)(6), we have held that it is not an element of murder, see United States v. Cavanaugh, 948 F.2d 405, 410 (8th Cir. 1991), and that, in fact, "assault resulting in serious bodily injury and second degree murder are completely separate offenses," id. at 415. Applying the Blockburger rule, we conclude that the crimes are not the same and that the double jeopardy clause was not violated in Mr. Good Bird's case.

---

[1]The Honorable Patrick A. Conmy, Chief United States District Judge for the District of North Dakota.

## II.

Mr. Good Bird also contends that the evidence was insufficient. At trial, the government offered evidence that the body of a native American male was discovered in New Town, North Dakota, next to a building where a group of local residents frequently gathered to drink. The man, later identified as Saunders Bearstail, Jr., had apparently been dead at least three hours. An autopsy revealed bruising, bleeding around the surface of the brain, and tears in the tissue holding the bowel; the cause of death was listed as blunt-force injury to the abdomen and head. The pathologist testified that either the head injury or the abdominal injury alone was sufficient to cause the victim's death, and that the injuries could have been inflicted up to twenty-four hours before death occurred.

At trial, several eyewitnesses testified that Mr. Good Bird attacked Mr. Bearstail near the building on the day before his body was discovered. One witness testified that Mr. Good Bird, who was wearing cowboy boots, punched and kicked the victim in the face and then "stomp[ed]" on his stomach and chest area about five times. The government also introduced into evidence Mr. Good Bird's statements, in which he eventually admitted hitting and kicking the victim. A second witness testified that when he arrived at the building Mr. Bearstail was lying on the ground "all beat up" and bleeding from his nose, and that Mr. Good Bird admitted responsibility for the victim's condition. A toxicologist testified that he found blood spatters and smudges on the front of Mr. Good Bird's pants.

Mr. Good Bird premises his challenge to the sufficiency of the evidence, in part, on the length of time between his acknowledged attack on the victim and the victim's death, and on testimony that the first witness hit the victim later in the day. The jury, however, was aware of the pertinent circumstances, heard the first witness and the other witnesses testify, and was entitled to judge the credibility of the witnesses. See

-3-

United States v. Goodlow, 105 F.3d 1203, 1206 (8th Cir. 1997). Having carefully reviewed the record in the light most favorable to the government, we cannot say that a rational juror must have had a reasonable doubt as to Mr. Good Bird's guilt, and thus we reject his challenge to the sufficiency of the evidence. See Jackson v. Virginia, 443 U.S. 307, 318-19 (1979).

III.

Finally, we find Mr. Good Bird's complaint of prosecutorial misconduct to be without merit because he failed to show that the government engaged in any inappropriate conduct that so affected his substantial rights as to deprive him of a fair trial. See United States v. Hernandez, 779 F.2d 456, 458 (8th Cir.1985).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-